UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:24-CR-213 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC POWELL, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Defendant Eric Powell ("Powell") moves this Court to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f).  (Doc. 69.)  Powell also submitted an emergency motion to schedule the bond hearing.  (Doc. 74.)  The government responded in opposition (Docs. 77, 89), and Powell replied in support (Doc. 82).  For the reasons stated herein, Powell's motions are DENIED.

I.      BACKGROUND

Powell is the first-named defendant in a multi-defendant drug trafficking conspiracy. (Docs. 11, 27.)  A federal grand jury returned a superseding indictment charging him with conspiracy to distribute controlled substances in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); six separate counts of distributing either fentanyl or cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 2-7); distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 8); and maintaining a drug premises 21 U.S.C. § 856(a)(1) (Count 13).  (Doc. 27.)  The initial indictment presented largely the same offenses. (Doc. 11.)  The notable differences in the superseding indictment being the penalty provision for Powell's role in the conspiracy was elevated to a mandatory minimum term of 10 years and the

addition distribution count punishable by a five-year mandatory minimum term of incarceration. (Docs. 11, 27.)

Magistrate Judge Armstrong has considered the matter of Powell's pretrial release on three separate occasions.  The first occasion was on May 22, 2024.  At that time, the government moved for detention pursuant to 18 U.S.C. § 3142(f)(1), with the parties recognizing the presumption of detention in accordance with 18 U.S.C. § 3142(e)(3).  (*See* Doc. 9.)  Powell did not introduce sufficient evidence to rebut the presumption in favor of detention.  (*Id.*)  Magistrate Judge Armstrong concluded the government established by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person or the community.  Specifically, she found the following reasons for detention: weight of the evidence of dangerousness was strong; Powell's charges suggested a lengthy prison term if convicted; prior criminal history (*e.g.*, aggravated robbery, felonious assault, prior federal conviction for conspiracy to distribute narcotics); participation in criminal activity while on probation or supervised release; prior instances of failing to appear in court; prior attempts to evade law enforcement; and prior violations of probation, parole, or supervised release.  (*Id.* at 40-41); *see also* Doc. 3 (Pretrial Services Report).)

The second occasion was prompted by Powell's motion to reconsider the detention order. (Doc. 23.)  During a hearing on October 7, 2024, defense counsel clarified for Magistrate Judge Armstrong that Powell was seeking relief under §§ 3142(f) and 3142(i).  In a written opinion, Magistrate Judge Armstrong separately addressed each section.  (Doc. 24.)  Focusing first on § 3142(f), she noted that Powell asserted new circumstances because he was stabbed 14 times while at NEOCC, was not receiving adequate medical care, and was unable to protect himself. (*Id*. at 127.)  Notwithstanding concerns about Powell's ongoing treatment and care, Magistrate

Judge Armstrong determined that Powell "did not proffer any different information that has a material baring on the danger to the community factor in the Bail Reform Act," and Powell's request for relief pursuant to § 3142(f) was denied.  (*Id*. at 168.)  Because additional information was needed to assess the propriety of temporary release as contemplated in § 3142(i), the hearing was continued to October 22, 2024.  (*Id*. at 130.)  On October 22, 2024, Powell's motion for relief pursuant to § 3142(i) was denied without prejudice.

Almost a full year later, Powell again seeks to be released pursuant to § 3142(f).  (Doc. 69.)  Powell reasserts being stabbed 14 times while detained at NEOCC supports pretrial release.  (Id. at 323.)  He also proffers the following: fundamental flaws in the government's stated bases for probable cause; the lack of evidence recovered from the search of a specific residence or as a result of a trash pull; hearsay; questions about the deputization of a Task Force Officer and the authority of a Special Agent with ATF; and questions about the United States Attorney's Office's ability to prosecute this matter.  Powell states that he will present testimony from close relatives and friends to establish his "ties to the community, personal character, living arrangements, and intentions to comply with all pretrial conditions if released."  (*Id.* at 323-24.)  Powell's emergency motion for a hearing restates some of the same arguments but adds challenges he now faces as a *pro se* defendant to obtain and access discovery materials.  (Doc. 74 at 446.)

II.     LAW AND ARGUMENT

A judicial officer may reopen a detention hearing:

at any time before trial if a judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).[1]  New and material information "consists of something other than a

defendant's own evaluation of his character or the strength of the case against him; truly changed

circumstances, something unexpected, or a significant event."  *United States v. Blackwell*, No.

21-cr-736, 2022 WL 2833814, 2022 U.S. Dist. LEXIS 128141, at *9 (N.D. Ohio July 19,

2022) (quoting *United States v. Jerdine*, No. 08-cr-481, 2009 WL 4906564, 2009 U.S. Dist.

LEXIS 117919, at *7 (N.D. Ohio Dec. 18, 2009)).  "The statutory provision authorizing the

reopening of a detention hearing is strictly interpreted such that hearings should not be reopened

if the evidence proffered was available at the time of the hearing."  *United States v. Bradley*, No.

22-cr-634-1, 2023 WL 2527133, 2023 U.S. Dist. LEXIS 43871, at *6 (N.D. Ohio Mar. 15, 2023)

(quotations and citation omitted).  What is more, the defendant must show that the new

information would increase the likelihood he will appear and demonstrates he is less likely to

pose a danger to others.  *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

Powell's primary assertion in support of pretrial release is the very unfortunate assault he

endured at NEOCC.  While the Court is certainly sympathetic, Powell has not and cannot

demonstrate that this event presents new information warranting another detention hearing.

Powell raised this assault nearly one year ago when he sought reconsideration of Magistrate

Judge Armstrong's initial detention order.  Moreover, the assault, terrible as it was, does not

make it more likely he will appear or less likely he will be a danger to others.  Powell's

arguments challenging the weight of the government's evidence and the authority of the

prosecution team to proceed, even if new to Powell, do not have any bearing on whether *Powell*

is more likely to appear or is now less likely to present a danger to others.  And while Powell's

---

[1] Motions to reopen detention hearings are generally presented to the Magistrate Judge who ordered detention.  However, Powell presented his motions to this Court and judicial economy supports this judicial officer resolving the motions.

assertion that being a detained, *pro se* defendant limits his access to discovery materials, this was all spelled out for him by the Court during its *Faretta* inquiry on April 17, 2025.  So, again, not new.  The Court recognizes Powell seeks to call witnesses to rebut the presumption of detention and establish he can be safely released pending trial, but this information was available to him at the time of the hearings held in May and October 2024.

Powell has not met his burden of demonstrating new or material information as required by § 3142(f).  Even if any of the proffered information could be considered "new," Powell has not demonstrated the information supports a conclusion he is more likely to appear or less likely to pose a danger to others.

## III.    CONCLUSION

For the reasons stated herein, *pro se* Defendant Eric Powell's motions seeking to reopen his detention hearing are DENIED.


**IT IS SO ORDERED.**


Date:   May 23, 2025

_____

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE