UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-CR-213 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC POWELL, | ) | **ORDER ON MOTION FOR** |
| | ) | **ISSUANCE OF SUBPOENAS FOR** |
| Defendant. | ) | **DOCUMENT PRODUCTION** |

*Pro se* Defendant Eric Powell moves this Court pursuant to Federal Rule of Criminal Procedure 17(c) for an order authorizing the issuance of subpoenas *duces tecum* compelling the Drug Enforcement Administration (Cleveland District Office), Bureau of Alcohol, Tobacco, Firearms, and Explosives (Cleveland Field Division), and the United States Attorney's Office for the Northern District of Ohio to produce various records pertaining to, among other things, the use of task force officers, proof of deputizations, task force identification badges, identification of supervisors, documents permitting these agencies to enforce federal laws, and land-use documentation proving acceptance of legislative jurisdiction over relevant property.  (Doc. 66 at 318-19.)[1]  The government opposed the motion primarily on the grounds that Powell failed to demonstrate the relevance or admissibility of the requested materials.  (Doc. 86 at 545-46.)[2]

Rule 17(c)(1) of the Federal Rules of Criminal Procedure generally addresses the issuance of subpoenas:

A subpoena may order the witness to produce any books, papers, documents, data,

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[2] Due to what appears to be a system error, two responses in opposition to Powell's motion for the issuance of subpoenas are reflected on the docket, but Document 87 is simply a duplicate of Document 86.

> or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c) subpoenas are a vehicle to obtain necessary evidence in advance of trial. They are not to be used as "means of discovery" beyond Rule 16. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S. Ct. 675, 95 L. Ed. 879 (1951). In *United States v. Nixon*, the Supreme Court set forth the four-part test courts apply when determining whether to issue or a deny a Rule 17(c) subpoena. 418 U.S. 683, 699-700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). To prevail, the party seeking the issuance of a Rule 17(c) subpoena must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.*
Powell's motion correctly identifies *Nixon* as the seminal case identifying the parameters for issuing Rule 17(c) subpoenas. (Doc. 66 at 319.) It also correctly notes that the issuance of a Rule 17(c) subpoena hinges on the movant's ability to establish relevance, admissibility, and specificity. (*Id.*) To Powell, the information he seeks to compel is critical to determining each agency's statutory authority, federal jurisdiction to execute warrants and pursue charges, and whether the prosecution has complied with "constitutional and regulatory prerequisites." (*Id.*)

Powell's motion for the issuance of subpoenas fails at the first step of the Court's inquiry. Powell has not demonstrated how these materials (to include memoranda of understanding, identification badges, supervisory designations, etc.) are relevant to the charges pending against him or how these materials would be admissible at trial. Powell's brief statement of "critical" need does not provide the Court with sufficient information to determine how the materials he

seeks would have "any tendency to make a fact more or less probable than it would be without the evidence" or be a fact "of consequence in this action." Fed. R. Evid. 401. And even if this information was somehow relevant under Rule 401, based on the information Powell provided, the Court is left with the distinct impression that any probative value would likely be substantially outweighed by the dangers of confusing the issues and misleading jurors. Fed. R. Evid. 403.

Further, much of the information Powell seeks is available by other means. Task force officers are routinely deputized to assist with federal matters. *See* 28 U.S.C. § 566; 34 U.S.C. § 41503; 21 U.S.C. § 878. Once deputized, a task force officer has the authority to execute federal warrants and investigate violations of federal law. Federal agents have all the authority of "federal officers." *See* 1 U.S.C. § 1 ("officer" defined as "any person authorized by law to perform the duties of the office"); *see also* 18 U.S.C. § 3051 (Powers of Special Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives); 21 U.S.C. §§ 802(4) (DEA defined and identified as acting under the authority of the Attorney General of the United States), 873 (Cooperative Agreements), and 878 (DEA enforcement authority). As for the United States Attorney's Office prosecuting this matter, its statutory authority and that of its Assistant U.S. Attorneys is also codified. *See* 28 U.S.C. § 501, *et seq*. (authority of Attorney General); *see also* 28 U.S.C. § 542 (authority of Attorney General to designate Assistant U.S. Attorneys).

Powell's motion also fails because he does not address the third *Nixon* factor: how denying the compelled production of these materials in advance of trial would hinder his trial preparations or delay proceedings.

It is clear to the Court that Powell has no "good faith" basis to request these materials, even if he could satisfy the first three *Nixon* factors. Powell's motion seeks the Court's

authorization for a "fishing expedition." This is simply not permitted.

For these reasons, Defendant Eric Powell's motion for the issuance of Rule 17(c) subpoenas is DENIED.

**IT IS SO ORDERED.**

Date: May 29, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE