UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-213 |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| ERIC POWELL, *et al.*, | **OPINION AND ORDER** |
| Defendants. | |

*Pro se* Defendant Eric Powell ("Powell") moves the Court, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), for an order mandating the disclosure of "the transcripts, minutes, exhibits, and all materials presented to the grand jury in connection with the indictment and superseding indictment in this case" so he may determine if any violations of grand jury procedures occurred and challenge the grand jury's probable cause determinations. (Doc. 65 at 314.) The government opposed the motion. (Doc. 83.) For the reasons stated herein, Powell's motion is DENIED.

**I.      BACKGROUND**

Powell is the first-named defendant in a multi-defendant drug trafficking conspiracy. (Docs. 11, 27.) A federal grand jury returned a superseding indictment charging him with conspiracy to distribute controlled substances in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); six separate counts of distributing either fentanyl or cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 2-7); distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 8); and maintaining a drug premises 21 U.S.C. § 856(a)(1) (Count 13). (Doc. 27.)

## II. LAW AND ARGUMENT

A party seeking disclosure of grand jury material must demonstrate a particularized need so "the secrecy of the proceedings [may] be lifted discreetly and limitedly." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 228, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682-83, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). "Disclosure is proper only on a showing of 'compelling necessity' and 'particularized need.'" *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986) (quoting *United States v. Short*, 671 F.2d 178 (6th Cir. 1982)). The party requesting grand jury materials has the "necessarily heavy" burden of showing that: (1) the material sought will prevent a possible injustice; (2) the need for disclosure outweighs the need for secrecy; and (3) the request is narrowly tailored to provide only material so needed. *FDIC v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990) (first citing *Douglas Oil*, 441 U.S. at 222-23; then citing *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988)). General, unsubstantiated, or speculative claims are not sufficient to demonstrate a compelling, particularized need to pierce the secrecy of grand jury proceedings. *See United States v. Sinkfield*, No. 24-3745, 2025 U.S. App. LEXIS 9738, at *4 (6th Cir. Apr. 22, 2025). The district court has considerable discretion in determining whether to require disclosure of grand jury proceedings. *See Douglas Oil*, 441 U.S. at 223.

Powell seeks to investigate the grand jury's proceedings: "Defendant has a particularized need to examine the grand jury materials to determine whether the indictment was obtained through improper procedures, misrepresentations, or the use of false or misleading testimony." (Doc. 65 at 314.) Such "fishing expeditions" do not merit the release of grand jury materials. *Sinkfield*, 2025 U.S. App. LEXIS 9738, at *4. Powell further urges that, "*[u]pon information and belief*, key factual claims made to the grand jury may have relied on confidential informant

testimony and evidence not supported by discovery materials, including claims of an interstate drug conspiracy with ties to Texas and California." (Doc. 65 at 314 (emphasis added).) That a grand jury *may have* relied on certain information (*i.e.*, a cooperator's statements) is speculative. Speculation is insufficient to state a particularized need. *Sinkfield*, 2025 U.S. App. LEXIS 9738, at *4. And even if all that was presented to the grand jury was hearsay testimony, Powell's motion still fails. The Supreme Court has plainly stated "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits" even if the grand jury's probable cause determination rested solely on hearsay evidence. *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 409, 100 L.Ed. 397 (1956).

Powell has neither challenged the manner in which the grand jury was convened, nor has he asserted grand jury bias or facial invalidity. At bottom, Powell seeks grand jury materials so he can challenge the grand jury's probable cause determination. There is no information before the Court suggesting Powell is entitled to such relief. This matter is proceeding to trial, and Powell needs to focus on whether the government's evidence proves guilt beyond a reasonable doubt.

### III. CONCLUSION

For the reasons stated herein, *pro se* Defendant Eric Powell's motion seeking the disclosure of grand jury transcripts is DENIED.

**IT IS SO ORDERED.**

Date:  June 2, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE